UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THON NGOT SANG, | ) | CASE NO. 1:06-cv-01496-AWI-SMS- PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | RECOMMENDING DISMISSAL OF CERTAIN |
| v. | ) | CLAIMS AND DEFENDANTS |
| | ) | |
| R. E. BAKER, et al., | ) | (Doc. 58) |
| | ) | |
| | ) | OBJECTIONS DUE WITHIN THIRTY DAYS |
| Defendants. | ) | |
| | / | |

**I.     Procedural History**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the June 24, 2010, third amended complaint filed in response to an order dismissing the second amended complaint with leave to amend.

Plaintiff, formerly an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Substance Abuse Treatment Facility at Corcoran (SATF), brings this civil rights action against defendant correctional officials employed by the CDCR at SATF. Plaintiff names the following individual defendants: Warden A. K. Scribner; Associate Warden T. P. Wan; Deputy Warden D. Fulks; Chief Medical Officer P. McGuiness; Correctional Health Administrator G. Martinez; Dr. Nguyen, M.D. Chief Oral Surgeon Dr. Baker; and, Registered Nurse Dela Rosa and Registered Nurse James. The claims in this action stem from an attack on

Plaintiff by other inmates on January 7, 2006. Specifically, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs resulting from the attack.

Plaintiff filed the original complaint in this action on October 5, 2006. The Court found that Plaintiff's original complaint stated a cognizable claim against Dr. Baker. The Court ordered the U.S. Marshal to serve Dr. Baker with a copy of Plaintiff's complaint on May 14, 2008. Dr. Baker submitted a waiver of service on July 11, 2008.

On June 30, 2008, Plaintiff filed a motion requesting leave to file an amended complaint. On August 25, 2008, Plaintiff filed another motion requesting leave to amend his complaint. Plaintiff's motion was granted on September 3, 2008. Plaintiff filed his first amended complaint on September 29, 2008. On January 26, 2009, Plaintiff filed another motion to amend his complaint. The Court granted Plaintiff's motion on May 1, 2009. Plaintiff filed his second amended complaint on June 4, 2009. On April 12, 2010, an order was entered, dismissing the second amended complaint for failure to state a claim and granting Plaintiff leave to file a third amended complaint. On June 24, 2010, Plaintiff filed the third amended complaint that is now before the Court.

## II.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient

factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

### III. Plaintiff's Claim

#### A. Summary of Allegations

Plaintiff was injured as a result of an altercation that occurred at SATF on January 7, 2006. (Am. Compl. ¶ 16.) Plaintiff was struck on the side of his face by a baton, suffering injuries to his jaw. Id. Medical staff responded immediately, noting that "a tooth had gone missing due to the severe bleeding and a huge gap between plaintiff's teeth." Id. Plaintiff was in "extreme pain and agony," and pleaded for pain medication. Id. Plaintiff was advised that Dr. Nguyen would not prescribe pain medication, but that Plaintiff would be scheduled to be seen by Dr. Nguyen the next day. Id.

Plaintiff was not seen until January 10, 2006. (Am. Compl. ¶ 19.) Plaintiff was seen by the Chief Oral Surgeon, Dr. Baker. Dr. Baker ordered x-rays, and determined that Plaintiff suffered a greenstick fracture, and that a portion of Plaintiff's upper molar was missing. Id. Dr. Baker told Plaintiff that "the injuries were not serious and that an appointment would be made to see the regular C-Facility yard dentist in three days." (Am. Compl. ¶ 20.) Plaintiff complained of pain. Dr. Baker responded by telling Plaintiff "that the pain would pass and that he would not prescribe pain medication." Id.

On January 18, 2006, Plaintiff was seen by the regular yard dentist. (Am. Compl. ¶ 21.) The yard dentist examined Plaintiff, including additional x-rays, and advised Plaintiff that he could not do anything until "the pain and swelling went down." Id. Plaintiff was referred back to Dr. Baker. Plaintiff was also given pain medication. Id.

On January 20, 2006, Plaintiff was seen by Dr. Nguyen. (Am. Compl. ¶ 22.) Dr. Nguyen inquired as to why Plaintiff's jaw had not been repaired. Id. Dr. Nguyen prescribed pain medication and referred Plaintiff to Dr. Baker. Id. Plaintiff was seen by Dr. Baker on January 25, 2006. (Am. Compl. ¶ 23.) Plaintiff alleges that he "was provided no treatment by defendant Baker except for

1  that of a phone call to the pharmacy in regards to Dr. Nguyen's liquid diet regimen when threatened
2  by the near presence of one of the escorting officers walking into the room." Id.

3        Plaintiff claims that he never received treatment for his jaw injuries while at SATF.  On
4  February 22, 2006, Plaintiff was transferred to Pelican Bay State Prison.[1]  Shortly after the transfer,
5  Plaintiff was seen for a dental examination.  Plaintiff was told that "because the jaw had began to
6  heal without treatment . . . dental staff determined they could do nothing about the injury."  Plaintiff
7  claims that because he did not receive treatment, his "jaw has healed wrong" and he "continues to
8  suffer in pain and discomfort."  Plaintiff claims that "due also to sustained infection, an abstraction
9  was performed on April 21, 2008, to one of the teeth belonging to lower left injured jaw area."

## IV.  Analysis

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976)(quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind," Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison officials's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The subjective requirement that the prison official have a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,

---

[1] The allegations regarding Plaintiff's dental examination at Pelican Bay State Prison are set forth in paragraph 40 of the second amended complaint. The Court takes judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

4

1   and he must also draw the inference." Id.

2   However, "a complaint that a physician has been negligent in diagnosing or treating a
3   medical condition does not state a valid claim of medical mistreatment under the Eighth
4   Amendment. Medical malpractice does not become a constitutional violation merely because the
5   victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect
6   do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091,
7   1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe,
8   920 F.2d 614, 617 (9th Cir. 1990).

9   **A.   Claims Against Dr. Baker**

10  In the third amended complaint, Plaintiff alleges that he was first seen by Dr.Baker on
11  January 10, 2006. (Am. Compl. ¶ 19.) Plaintiff alleges that the x-rays taken that day revealed "a
12  greenstick fracture to the right side of the jaw, and that a portion to the upper molar was broken and
13  missing. Further visual inspections noted, were that of a fairly wide split between the lower left front
14  teeth and lacerated gashes slanting downwards of gum line from point of teeth split." Id.  Plaintiff
15  told Dr. Baker that he had been struck in the jaw with a baton, and that he was in pain. Plaintiff
16  specifically alleges that "when complaining of the pain, defendant said the pain would pass and that
17  he would not prescribe pain medication." (Am. Compl. ¶ 20.) As to this visit, the Court finds that
18  Plaintiff states a claim for relief. The third amended complaint alleges that Dr. Baker was aware that
19  Plaintiff had been struck in the jaw with a baton such that it caused a greenstick fracture, a broken
20  and missing molar, and "lacerated gashes" in Plaintiff's gums.  Knowing of these injuries and
21  Plaintiff's complaints of pain, Dr. Baker refused to provide pain medication or any other treatment.
22  Plaintiff has therefore stated a claim for relief against Dr. Baker as to the visit of January 10, 2006.

23  Further, Plaintiff alleges that during the second visit on January 25, 2006, "plaintiff was
24  provided no treatment by defendant Baker except for that of a phone call to the pharmacy in regards
25  to Dr. Nguyen's liquid diet regimen when threatened by the near presence of one of the escorting
26  officers walking into the room." (Am. Compl. ¶ 24.) Plaintiff has alleged facts indicating that he
27  was referred to Dr. Baker by other physicians, which suggests something could or should have been
28  done, beyond prescription of a liquid diet. Specifically, Plaintiff was referred to Dr. Baker for

treatment by Dr. Nguyen and the C Facility dentist, Dr. Fishback. (Am. Compl. ¶ 24.)

### B.  Claims Against Dr. Nguyen

In paragraph 16 of the third amended complaint, Plaintiff allege facts which, liberally construed, state a claim for relief against Dr. Nguyen. Plaintiff alleges that on the day of his injury, while in the holding cage awaiting treatment, he was in extreme pain. Plaintiff alleges facts indicating that Dr. Nguyen was aware of Plaintiff's complaints of extreme pain, and that Plaintiff had pulled out a broken tooth, and yet Dr. Nguyen refused to provide pain medication. Such an allegation states a claim for relief against Dr. Nguyen for deliberate indifference to Plaintiff's condition on January 7, 2006.

Further, Plaintiff alleges that he was seen by Dr. Nguyen on January 20, 2006. Dr. Nguyen ordered refills of pain medication and referred Plaintiff back to Dr. Baker. (Am. Compl. ¶22.) Plaintiff contends that Dr. Nguyen was aware of Plaintiff's injuries on January 7, 2006, when he was first contacted by the MTA and nurse James. In order to hold Dr. Nguyen liable for an Eighth Amendment violation, however, Plaintiff must allege facts that indicate both (1) a serious medical need, and (2) a deliberately indifferent response by Dr. Nguyen to that need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The facts alleged indicate that Dr. Nguyen responded to Plaintiff's condition on January 20, 2006, by ordering refills of pain medication and referring Plaintiff to the oral surgeon. Plaintiff therefore fails to state a claim against Dr. Nguyen as to his conduct on January 20, 2006.

### C.  Claims Against Defendant Dela Rosa

In the third amended complaint, Plaintiff's only reference to Defendant Dela Rosa is as follows:

> On January 7, 2006, plaintiff was struck on the side of the face by a baton, and suffered injuries to his jaw. The incident occurred during the evening on a weekend and so only two medical personnel and R.N. and M.T.A. were on duty. The injuries were noted by both medical staffs who believed that a tooth had gone missing due to the severe bleeding and a huge gap between Plaintiff's teeth. While in the holding cages within the medical office, Plaintiff was offered a meal but refused due to the extreme pain and was witnessed by both R.N. and M.T.A. Plaintiff pulled out a piece of broken molar. All through out calls were made and twice to which is ascertained to Dr. Physician Nguyen and unknown amount to Emergency Room R.N.

6

> Dela Rosa. But still pain medication was denied. In extreme pain and agony, plaintiff repeatedly pleaded for pain medication but was informed by defendant James and M.T.A. Doe, that the defendant Nguyen would not prescribe any. Instead plaintiff was told that he would be scheduled to be seen the very next morning. Shortly soon thereafter, plaintiff was escorted and was placed in Administrative Segregation (Ad/Seg).

(Am. Compl. ¶ 16.) Plaintiff alleges no conduct by Dela Rosa that could be construed as deliberate indifference to Plaintiff's serious medical need. Plaintiff has alleged facts indicating that Dr. Nguyen is liable for failure to respond to Plaintiff's pain. There are no facts alleged here indicating that Defendant Dela Rosa, a Registered Nurse, had the authority to prescribe pain medication or override a physician's decision not to prescribe medication. The only conduct charged to Defendant Dela Rosa is a referral to be seen the next day. As in the second amended complaint, Plaintiff fails to allege any facts suggesting Dela Rosa knew that Plaintiff needed emergency treatment but purposefully delayed treatment in deliberate disregard to a serious risk of further injury or unnecessary pain. Defendant Dela Rosa should therefore be dismissed.

### D. Claims Against Defendant James

In the third amended complaint, Plaintiff asserts the conclusory allegation that Defendant James was aware of Plaintiff's injuries. Plaintiff contends that Title 15 of the California Code of Regulations mandates that inmates assigned to segregated housing units must be seen daily by a physician. Plaintiff contends that because James violated this provision, he "thus knew of plaintiff's injuries but refused to provide prompt and immediate care." (Am. Compl. ¶ 22.) Plaintiff refers to Cal. Code Regs. tit. 15, §§ 3350 and 3350.2(b). Those regulations mandate that "[t]he department shall only provide medical services for inmates which are based on medical necessity and supported by outcome date as effective medical care. . ." Id. The regulations further provide that facilities must maintain contractual arrangements with local off-site agencies for those health services that are deemed medically necessary and that are not provided within the facility. The specific section that Plaintiff refers to provides that "when medically necessary services are not available for an inmate within a facility, the facility's chief medical or dental officer may request the institution head's approval to temporarily place that inmate in a community medical facility. Id.

Nothing in the regulations suggests that inmates are required to be seen by a physician daily.

Further, Plaintiff may not proceed on the conclusory allegation that Defendant James "knew of and refused to provide prompt and immediate care." (Am. Compl. ¶ 22.) Plaintiff's subjective belief that Defendant James was deliberately indifferent to his injured jaw is not supported by specific factual allegations. The U.S. Supreme Court, in addressing the pleading standards set forth in Bell Atlantic Cor. v. Twombly, 550 U.S. 544 (2007), has recently held that

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' '[D]etailed factual allegations' are not required, Twombly, 550 U.S., at 555, 127 S.Ct. 1955, but the Rule does call for sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face,' id., at 570, 127 S.Ct. 1955.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009).  Plaintiff clearly alleges that Defendant James responded to Plaintiff's injury in that Plaintiff was scheduled to be, and was seen, the next day.  That Plaintiff, in his view, should have received immediate treatment does not subject Defendant James to liability.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-105. To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994)(per curiam); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't., 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)(per curiam). Plaintiff alleges no facts indicating that he suffered further injury as a result of the conduct of Defendant James.

### E. Doe Defendants

In the third amended complaint, Plaintiff alleges that on January 7, 2006, MTA Doe advised Plaintiff that Dr. Nguyen would not prescribe pain medication. (Am. Compl. ¶ 16.) Plaintiff alleges that after Dr. Nguyen ordered a liquid diet and it failed to arrive, "pleas to M.T.A. and R.N. Does for this treatment were to no avail." (Am. Compl. ¶ 22.)  Plaintiff alleges that MTA Doe, along with Defendant James, initially responded to Plaintiff on January 7th. Id. In paragraph 25, Plaintiff

refers to the "regular pill dispensing does," and alleges that they refused to serve Plaintiff his liquid diet on the ground that "liquid diets are only served within the infirmary and not on Ad/Seg or regular yard housing."

The only allegation as to any specific Doe Defendant is the allegation that on January 7, 2006, a Doe Defendant advised Plaintiff that Dr. Nguyen would not prescribe pain medication. Plaintiff fails to state a claim as to this Defendant. There are no allegations that this individual had the authority to order or prescribe pain medication, or that this Defendant engaged in any other conduct than communicating information from Dr. Nguyen to Plaintiff. This Defendant should therefore be dismissed.

As to the remaining Doe Defendants, Plaintiff was cautioned that he may not refer to a hypothetical set of individuals who may or may not be liable for actions they may or may not have taken that may or may not have resulted in the violation of Plaintiff's constitutional rights. Plaintiff refers to "R.N. Does" and "regular pill dispensing does." (Am. Compl. ¶ 25.) Plaintiff was specifically cautioned that he may not refer to Does collectively. He does so here, in contravention of the earlier order. These Defendants should therefore be dismissed.

### F. Supervisory Defendants

Plaintiff names as defendants the Warden, the Associate Warden, two Deputy Wardens, the Chief Medical Officer and the Correctional Health Administrator, all employees at SATF. Plaintiff sole allegation as to these defendants, collectively, is that

> they had the authority and responsibility to ensure that inmates received access to adequate medical care and that ordered treatment was followed by medical staff, but each one failed and refused to do so. Furthermore the written policies by defendants and inadequate health care responses as described which also include regards to that of liquid diets only being afforded to inmates within the infirmary and not Ad/Seg or mainline inmates is reprehensible and has caused plaintiff to needlessly suffer. As supervisory officials defendants were mandated by law to safely keep persons committed to the care and custody of the Director of Corrections.

(Am. Compl. ¶ 28.)

Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th

Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff refers to a policy "which also include regards to that of liquid diets only being afforded to inmates within the infirmary and not Ad/Seg or mainline inmates." (Am. Compl. ¶ 28.) As noted above, Plaintiff has set forth no allegations that any individual defendant caused him injury as a result of a refusal to provide a liquid diet. Plaintiff has alleged, as most, difficulties with obtaining his diet, but he has not alleged any facts indicating that a named defendant deprived him of a liquid diet. Plaintiff has stated a claim for an Eighth Amendment violation for the failure of Dr. Nguyen and Dr. Baker to provide medication for Plaintiff's pain or other treatment, despite knowing that Plaintiff suffered from a broken jaw. Plaintiff must first state a cognizable claim for a constitutional violation before he will be able to state a cognizable claim against any supervisory defendant for knowing of the violations and failing to act to prevent them; or promulgating or "implement[ing] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d , 642 646 (9th Cir. 1989). Further, Plaintiff has not alleged any facts suggesting that he was injured pursuant to a policy of not providing pain medication despite knowing that an inmate presents with an objectively serious, painful injury. That is the injury at issue in this lawsuit. Plaintiff may therefore hold supervisory defendants liable only if he alleges facts indicating that they personally participated in, or knew of and failed to prevent, the harm to Plaintiff. Plaintiff has failed to allege any facts that support such a conclusion. The supervisory defendants should therefore be dismissed.

**V.    Conclusion and Summary**

Plaintiff's June 24, 2010, third amended complaint states a claim under the Eighth Amendment for relief against Defendant Dr. Nguyen for his conduct on January 7, 2006, and against

1  Dr. Baker.  Plaintiff fails to state a claim for relief as to Defendants Scribner, Wan, Fulks,
2  McGuiness, Martinez, Dela Rose, James and the Doe Defendants.  Plaintiff was previously advised
3  of the deficiencies, and failed to correct them.   Accordingly, the Court recommends that further
4  leave to amend not be granted, and that this action be ordered to proceed only on those claims
5  identified herein as cognizable.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

6     For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

7    1. This action proceed on the June 24, 2010, third amended complaint against Dr.
8       Baker  for deliberate indifference to Plaintiff's medical needs in violation of the
9       Eighth Amendment.

10   2. This action proceed on the June 24, 2010, third amended complaint against Dr.
11      Nguyen  for deliberate indifference to Plaintiff's medical needs in violation of the
12      Eighth Amendment, arising out of his conduct on January 7, 2006.

13   3. Plaintiff's remaining Eighth Amendment claims be dismissed.

14   3. Defendants Scribner, Wan, Fulks, McGuiness, Martinez, Dela Rose, James and the
15      Doe Defendants be dismissed for failure to state any claims against them.

16  These findings and recommendations are submitted to the United States District Judge
17  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days
18  after being served with these findings and recommendations, any party may file written objections
19  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
20  Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served
21  and filed within ten days after service of the objections.  The parties are advised that failure to file
22  objections within the specified time waives all objections to the judge's findings of fact.  See Turner
23  v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may
24  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
25  IT IS SO ORDERED.

26  **Dated:   August 12, 2010**            /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE