# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THON NGOT SANG,<br><br>                    Plaintiff,<br><br>         v.<br><br>R. BAKER, et al.,<br><br>                    Defendants. | CASE NO. 1:06-cv-01496-AWI-SKO PC<br><br>ORDER DENYING MOTION TO EXCUSE LATE COMPLIANCE WITH ORDER AS MOOT AND DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 72) |

Plaintiff Thon Ngot Sang, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 5, 2006.[1] This action is proceeding on Plaintiff's third amended complaint, filed June 24, 2010, against Defendants Baker and Nguyen on Plaintiff's Eighth Amendment medical care claim.

On September 17, 2010, attorney William L. Schmidt substituted in as attorney of record for Plaintiff, and on October 14, 2010, counsel substituted out. On November 29, 2010, Plaintiff filed a motion requesting that his late compliance with the Court's order of October 19, 2010, be excused and requesting the appointment of counsel. 28 U.S.C. § 1915(e)(1); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

Plaintiff complied late with the order directing him to return service documents within thirty days, but the late submission was accepted and the United States Marshal was directed to initiate

---

[1] Plaintiff's address of record remains an out-of-custody address. However, the exhibits attached to Plaintiff's motion suggest that he may be back in custody. (Doc. 72, Motion, court record p. 7.) Plaintiff is reminded that he is required to keep the Court and Defendants apprised of his current address. Local Rule 182(f).

1

service of process on November 30, 2010. Therefore, Plaintiff's request that his late response be excused is moot and is denied on that ground.

Regarding the request for counsel, Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981).

The Court previously requested, sua sponte, that its Pro Bono Program Director attempt to find counsel to represent Plaintiff. Mr. Schmidt agreed to represent Plaintiff as a result of the Director's inquiry. However, shortly thereafter Plaintiff released Mr. Schmidt as his attorney of record.

The Court has very limited resources available when it comes to finding voluntary counsel. Having already found one attorney for Plaintiff, the Court declines to undertake a second search in light of its limited ability to find attorneys for appointment, the overwhelming number of pro se litigants seeking counsel, and Plaintiff's decision to discharge Mr. Schmidt as his attorney of record.

For the foregoing reasons, Plaintiff's motion requesting that his late compliance with the Court's order of October 19, 2010, be excused is DENIED as moot, and Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

**Dated:   April 8, 2011**                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE