# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THON NGOT SANG,<br><br>        Plaintiff,<br><br>    v.<br><br>R. BAKER, et al.,<br><br>        Defendants. | CASE NO. 1:06-cv-01496-SKO PC<br><br>ORDER VACATING PRETRIAL DISPOSITIVE MOTION DEADLINE, AND SETTING FORTY-FIVE DAY DEADLINE FOR DEFENDANTS TO FILE PROOF OF SERVICE ON PLAINTIFF'S SUCCESSOR OR REPRESENTATIVE<br><br>(Docs. 81 and 82) |

    This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Thon Ngot Sang, a former state prisoner who was proceeding pro se and in forma pauperis. On January 31, 2012, Defendants filed a notice of Plaintiff's death. Fed. R. Civ. P. 25(a)(1).

    Rule 25(a)(1) provides for the dismissal of this action if a motion for substitution is not made within ninety (90) days after service of a statement noting Plaintiff's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and nonparty successors or representatives. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).

    For the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute, Fed. R. Civ. P. 25(a)(3). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party

1

1  successors or representatives of the deceased party must be served the suggestion of death in the
2  manner provided by Rule 4 for the service of a summons.  Fed. R. Civ. P. 25(a)(3); <u>Barlow v.
3  Ground</u>, 39 F.3d at 232-234.  Rule 25 requires dismissal absent a motion for substitution within the
4  ninety-day period only if the statement of death was properly served.  <u>Unicorn Tales, Inc., v.
5  Bannerjee</u>, 138 F.3d 467, 469-471 (2d Cir. 1998).

6       The parties are hereby notified that the ninety-day period has not been triggered by the notice
7  because there is no declaration of service or other proof reflecting that there was proper service of
8  the notice on Plaintiff's successor or representative as provided by Rule 4.

9       In light of Plaintiff's death, the pretrial dispositive motion deadline set for March 5, 2012,
10  is VACATED, pending Defendants' compliance with the service requirements under Rule 25.
11  Within **forty-five (45) days** from the date of service of this order, Defendants SHALL file a proof
12  of service on Plaintiff's successor or representative.

13
14  IT IS SO ORDERED.
15  **Dated:  February 2, 2012**           /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE